IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-196-D
No. 5:14-CV-512-D

| | |
|---|---|
| KIMBLE DWEESE JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On September 15, 2014, Kimble Dweese Jones ("Jones") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 210-month sentence. See [D.E. 53]. On November 12, 2014, the government moved to dismiss Jones's section 2255 motion. See [D.E. 58, 59]. The court notified Jones about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 60]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Jones did not respond. As explained below, the court grants the government's motion to dismiss and dismisses Jones's section 2255 motion.

On July 5, 2011, a federal grand jury in the Eastern District of North Carolina indicted Jones and charged him with possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. See [D.E. 1]. On March 13, 2012, Jones pleaded guilty, without a plea agreement. See [D.E. 29]. On July 19, 2012, the court sentenced Jones to 210 months' imprisonment. See [D.E. 40].

Jones appealed. On appeal, Jones argued that the court erred in finding Jones an armed career criminal under 18 U.S.C. § 924(e) and made various arguments attacking the Armed Career Criminal Act's ("ACCA") application to Jones. The United States Court of Appeals for the Fourth Circuit rejected Jones's arguments and affirmed this court's conclusion that the ACCA properly

applied to Jones. See United States v. Jones, 514 F. App'x 395, 396–97 (4th Cir. 2013) (per curiam) (unpublished). Accordingly, the Fourth Circuit affirmed Jones's conviction and sentence. Id. at 397. On October 7, 2013, the Supreme Court denied Jones's petition for writ of certiorari. See Jones v. United States, 134 S. Ct. 222 (2013).

In his section 2255 motion, Jones argues that his counsel was constitutionally ineffective for failing to cite United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and to argue that Jones's 2006 felony conviction for breaking and entering failed to qualify as a "violent felony" under the ACCA. See [D.E. 53-1] 2–5. Jones also argues that because his 2006 plea agreement in state court limited his imprisonment to twelve months, his 2006 conviction does not qualify as a violent felony under the ACCA. See id. 5–6.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the

2

motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Jones's argument concerning his 2006 conviction and the ACCA, Jones procedurally defaulted his Simmons claim by failing to raise it on direct appeal. Under the general rule of procedural default, "claims not raised on direct appeal may not be raised on collateral review." Massaro v. United States, 538 U.S. 500, 504 (2003); see Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). To avoid this general rule, a defendant must show "actual innocence" or "cause and prejudice" resulting from the errors of which he complains. See, e.g., Bousley, 523 U.S. at 622–24; United States v. Pettiford, 612 F.3d 270, 280, 284 (4th Cir. 2010). Jones does not plausibly allege either actual innocence or cause and prejudice. See, e.g., Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); Pettiford, 612 F.3d at 280, 284. "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). Jones's arguments concerning his 2006 conviction and the ACCA are not novel, and there was no ineffective assistance of counsel. Finally, Jones has not plausibly alleged "that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." Id. Because no basis exists to excuse Jones's procedural default, Jones's attempt to challenge his sentence fails.

Alternatively, Simmons does not help Jones. Jones's 2006 conviction qualifies as a "violent felony" under Simmons because breaking and entering was a Class H felony and Jones had a prior record level of IV. See [D.E. 52-3] 1–2. Under North Carolina's Structured Sentencing Act, Jones was exposed to a sentencing range of 9 to 14 months' imprisonment. See N.C. Gen. Stat. § 15A-

3

1340.17(c), (d) (2006). That Jones's actual sentence was only 10 to 12 months' imprisonment is irrelevant. See, e.g., United States v. Kerr, 737 F.3d 33, 38–39 (4th Cir. 2013), cert. denied, 134 S. Ct. 1773 (2014). Moreover, even though Jones's 2006 plea agreement in state court limited his imprisonment to twelve months for that 2006 conviction, the 2006 conviction still qualifies as a violent felony. See United States v. Valdovinos, 760 F.3d 322, 325–30 (4th Cir. 2014). Accordingly, Jones's claims fail.

Finally, Jones seeks discovery of police reports concerning his 1996 convictions. See [D.E. 55]. A habeas petitioner "is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Jones has failed to comply with Rule 6 of the Rules Governing § 2255 cases or to demonstrate "good cause" for discovery. See, e.g., Stephens v. Branker, 570 F.3d 198, 213 (4th Cir. 2009). Thus, the court denies Jones's motion for discovery.

After reviewing the claims presented in Jones's motion, the court determines that reasonable jurists would not find the court's treatment of any of Jones's claims debatable or wrong, and that none of his claims deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court GRANTS the government's motion to dismiss [D.E. 58] and DISMISSES Jones's section 2255 motion [D.E. 53]. The court DENIES Jones's motion for discovery [D.E. 55] and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This **20** day of January 2015.

JAMES C. DEVER III
Chief United States District Judge

4